However, this would treat independently one portion of such a common building scheme, and fail to regard the mutual benefits from such a common general restriction for the greater privacy of the neighborhood. As was well said by Justice Kelby, the court cannot thus decree a radical change in one side of this restricted area, "to the clear damage of the residents who have kept the faith of this covenant implicitly."

I advise that this judgment be affirmed, with costs. All concur.

---

(96 Misc. Rep. 462)

BUFFALO CREEK R. CO. et al., v. NEW YORK CENT. R. CO.

(Supreme Court, Special Term, Erie County. August, 1916.)

1. RAILROADS ⊚⇒91(6)—RIGHT TO CROSS TRACK—GRANT.
    Where a railroad with two tracks granted other roads "the right to cross the right of way and railroad of the party of the first part," the grant of the right to cross did not carry with it the right permanently to compel the railroad to maintain its then manner of conducting its business at the crossing point, over two tracks only, so that its building a third track might be enjoined.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 257; Dec. Dig. ⊚⇒91(6).]

2. RAILROADS ⊚⇒89—"NEW RAILROAD"—"STEAM RAILROAD HEREAFTER CONSTRUCTED"—STATUTE.
    Where a double-track railroad has been in operation for more than 50 years, since 1891 being intersected by another double-track road, the laying of a third track for switching and other purposes, by the side and but a few feet from the westerly of the two tracks upon the first road's right of way, does not make such third track a "new railroad," within Railroad Law (Consol. Laws, c. 49) § 22, relating to intersections of roads, or a "steam railroad hereafter constructed," within section 98; the term "railroad," as used in the statute, meaning the tracks on a single right of way.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 234–239; Dec. Dig. ⊚⇒89.]

Action by the Buffalo Creek Railroad Company and others against the New York Central Railroad Company. On motion by plaintiffs for an injunction. Motion denied.

Moot, Sprague, Brownell & Marcy, of Buffalo, for plaintiffs.
Maurice C. Spratt, of Buffalo, for defendant.

BROWN, J. In 1891 the predecessor in interest of the defendant, by an instrument in which it was the first party, granted to the plaintiffs and their predecessor in interest "the right to cross the right of way and railroad of the party of the first part with two railroad tracks in the city of Buffalo, N. Y.,  *  *  *  and to maintain and operate its double-track railroad over said crossing." Such railroad tracks of the plaintiffs were thereafter constructed, crossing the two main line railroad tracks, the railroad, and the right of way of the defendant at grade, and both railroads have operated their respective trains and traffic over such crossing for 25 years, under agreements relative to maintenance and expense of operation. The defendant contemplates

the laying of a third track for switching and other purposes on the westerly side of its right of way, adjoining the two main line tracks, crossing and intersecting the two tracks of the plaintiffs.

The plaintiffs ask for a temporary injunction restraining the construction of this third track by the defendant, upon the grounds:

First. That in and by the terms of the grant the defendant's predecessor conveyed to the plaintiffs a dominant easement, not to be interfered with or encroached upon by any additional tracks upon defendant's right of way, and that plaintiffs now own by virtue of the grant the exclusive right to perpetually occupy all of defendant's right of way for railroad crossing purposes where plaintiff's rails are laid, except that part thereof where defendant's two main line tracks are laid; that defendant cannot take possession of or use for railroad purposes any part of its right of way that is now occupied by plaintiffs' two tracks, except that part occupied by its two main line tracks; that the plaintiffs have a vested right to cross defendant's right of way and railroad with only two tracks of the defendant thereon; and that the laying of a third track would be a violation of its property rights and a denial of its right of enjoyment thereof.

[1] The difficulty with this claim of permanent injury to plaintiffs' rights in the crossing is that the grant does not assume to convey any interest in the fee; it is a grant of a right to cross. The grant is silent as to the defendant's right of way being thereafter solely occupied and used as it was at the time of the grant. While it is true that defendant had only two tracks along its right of way at the crossing point at the time the grant was made, the grant does not contain any restrictions upon the defendant's placing additional tracks upon its right of way. It is not believed that the grant of the right to cross carried with it the right to permanently compel the defendant to maintain its then manner of conducting its business at the crossing point. The right of the plaintiff to prevent the laying of a third track at the crossing point, under the grant of the right to cross, by reason of the fact that at the time of the grant defendant had only two tracks on its right of way, is no more reasonable than would be a claim that defendant could be prevented from running 100 trains a day over the crossing because at the time of the grant it ran only 20 trains a day. If it be true that at the time of the grant defendant ran only 20 trains a day over its two tracks, did plaintiffs obtain by the grant the vested right to cross defendant's right of way with only 20 trains a day on defendant's tracks? Upon such an assumption, could plaintiffs compel defendant to restrict the number of its trains to 20 a day? It would seem that one argument is as sound as the other. It cannot be assumed that the grant of the right to cross conveyed to the plaintiffs the exclusive right to permanently occupy all of defendant's right of way (outside of defendant's two main line tracks) that is covered by plaintiffs' two tracks. The language of the grant does not permit of such assumption. It is believed that the defendant, by the grant to the plaintiffs, did not deprive itself of the privilege of occupying its right of way for railroad purposes other than as then occupied, but did grant plaintiffs simply the right to cross its right of way and

railroad with two tracks. No vested property rights of the plaintiffs will be injured or destroyed, by the laying of the third track by the defendant and the operation of trains thereon over the crossing, that can be prevented only by an injunction. For whatever damage may be occasioned by defendant's contemplated act the plaintiffs have an adequate remedy at law.

[2] Second. Section 22 of the Railroad Law (Consol. Laws, c. 49) provides:

"Every railroad corporation whose road is or shall be intersected by any new railroad, shall unite with the corporation owning such new railroad in forming the necessary intersections and connections, and grant * * * facilities therefor. If the two corporations cannot agree upon the amount of compensation to be made therefor or upon the line or lines, grade or grades, points or manner of such intersections and connections, the same shall be ascertained and determined by commissioners * * * to be appointed by the court, as is provided in the condemnation law."

Section 98 of the Railroad Law provides:

"All steam railroads hereafter constructed across the tracks of any other railroad * * * shall be above, below, or at grade of such existing railroad as the public service commissioners shall determine, and such commissioners shall * * * fix the proportion of expense of such crossing to be paid by each railroad."

The plaintiffs allege that the defendant has taken no steps to comply with the provisions of these two statutes, and ask for an injunction restraining the laying of the third track, or new railroad, until they are complied with.

It is not believed that these two provisions of the railroad law apply to the case at bar. The defendant's railroad at the crossing point has been in operation for more than 50 years. It has consisted of two tracks, a double track railroad, and since 1891 has been intersected and crossed by the plaintiffs' double track railroad. Does the laying of a third track for switching and other purposes by the side of, and but a few feet from, the westerly of the two tracks, the double tracks, of defendant's railroad, upon its right of way, constitute and make such third track "a new railroad," within section 22, or a "steam railroad hereafter constructed," within section 98, of the Railroad Law? If it does, then defendant must comply with those provisions; if it does not, then defendant need not comply with them. It is true that defendant contemplates intersecting plaintiffs' railroad with a new track. Is such new track a new railroad? What is a railroad? Is each track of the defendant a separate railroad? Has the defendant now at this crossing two railroads? If the contemplated additional third track is to be held to be a new railroad, or a steam railroad hereafter constructed, it must be constructed as the public service commissioners determine. Is it possible that the Legislature intended by these enactments that this third or additional track must be placed below or above the grade of the plaintiffs' tracks as the public service commissioners might determine? If each track on defendant's right of way constitutes a railroad, the possibility exists of one public service commission deciding that the first track crossing an intersecting

railroad must be below grade, of another commission deciding that a second track must cross at grade, and of still another commission deciding that the third track must cross above grade. Such a situation is too unreasonable to find its authority in the statute. The statute does not contemplate three separate railroads, as the term is ordinarily understood, all on one right of way. It would seem that the term "railroad," as used in these two statutes relative to the crossing tracks, and as used elsewhere in the Railroad Law, means the tracks that are or may be on the right of way; that all the tracks on the right of way constitute one railroad. The word "railroad" is a singular noun; it is a road of rails; it is a road of one or more rail tracks. It is very clear that, if the public service commissoners were asked to determine the questions provided by these statutes to be submitted to them, they would of necessity hold that the contemplated third track would not be a new railroad, or a steam railroad hereafter constructed, for the reason that under the Public Service Commission Law (Consol. Laws, c. 48) the proposed third track would be a part of an old railroad, not a new railroad. Section 2 of that law reads:

"The term 'railroad,' when used in this act, includes every railroad, other than a street railroad, by whatsoever power operated for public use in the conveyance of persons or property for compensation, with all bridges, ferries, tunnels, switches, spurs, tracks, stations and terminal facilities of every kind used, operated, controlled or owned by or in connection with any such railroad."

The holding must be that the additional or third track that the defendant purposes to lay on its right of way crossing plaintiffs' two tracks will not be a new railroad, or a steam railroad hereafter constructed, within the terms of sections 22 and 98 of the Railroad Law; that those sections do not apply to the defendant's proposed track.

Motion for an injunction must be denied, with $10 costs.